IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-257-1FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | GOVERNMENT'S |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| JOHN H. CARRINGTON | ) | |

The United States of America, by and through Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, submits herewith its Sentencing Memorandum in the above-referenced matter.

FACTUAL/PROCEDURAL BACKGROUND

On December 14, 2005, the defendant, John H. Carrington, entered a guilty plea to a single count Criminal Information reflecting his responsibility for the illegal export of crime control equipment to the People's Republic of China in violation of 50 USC §§ 1702 and 1705(b). During the time frame of the charged conduct the defendant was the President and chief stock holder of Sirchie, Inc., a manufacturer of crime control equipment based in the Eastern District of North Carolina.

The evidence gathered in the investigation of this matter revealed that the defendant's offense was both knowing and wilful. Prior to the shipments of the subject equipment, the defendant had been expressly told by representatives of the United States Department of Commerce, and by his own in-house corporate counsel,

1

that export of the such equipment required a license from the United States Government.  When Sirchie's license request was denied, the defendant ordered approximately 25 shipments of equipment, with a total value of approximately $1.28 Million, to be shipped to the People's Republic of China through a third party diversion scheme designed to circumvent the export restrictions and to hide the unauthorized nature of those transactions.

After the defendant's business was searched by federal investigators, the defendant made himself available, in the presence of counsel and without protection or limitation, for interview by the investigating agents and prosecutors.  In the course of that interview he openly acknowledged his illegal conduct, as described above, and took complete responsibility for it.  He did not attempt to minimize his culpability nor shift blame to subordinates.  While the proof gathered in the course of the search was considerable, the defendant's unprotected  confession did save the Government a substantial amount of time and effort which would otherwise have been expended completing the investigation.

Since the entry of the guilty plea and pursuant to a written plea agreement the defendant has paid an $850,000 criminal fine and Sirchie, Inc. has paid a $400,000 civil penalty. Additionally, the defendant has been debarred from contracting with the Government for life and Sirchie Inc. has accepted a five year suspended

debarment.

The defendant is now 71 years of age and suffering from a number of ailments including high blood pressure and diabetes.

ARGUMENT

The defendant currently faces a Sentencing Guideline range of 18-24 months based upon an offense level of 15 pursuant to U.S.S.G. section 2M5.2(a)(2) as enhanced.[1] The defendant has moved this Court to depart from the Sentencing Guidelines and to impose a sentence of probation in light of the defendant's cooperative efforts, the level of fine already paid, and his poor health. The Government agrees that the application of USSG section 2M5.2(a)(2) overstates the culpability of the defendant's conduct, but for different reasons and to a lesser degree than that argued by the defendant.

Section 2M5.2 of the Sentencing Guidelines is generally designed to address fact patterns involving the illegal export of weaponry. It specifically deals with the exportation of arms, munitions or military equipment or services. It sentences at a level 26 unless the offense "involved only non-fully automatic small arms . . . and the number of weapons did not exceed ten." At

---

[1] Pursuant to U.S.S.G. section 2M5.2(a)(2) the defendant is subject to a level 14, an enhancement of four levels pursuant to U.S.S.G. section 3B1.1(a) based upon his role in the offense, and a reduction of three levels for acceptance of responsbility pursuant to U.S.S.G. section 3E1.1.

3

this point it assesses a level 14. Neither of these offense levels addresses Mr. Carrington's criminal conduct.[2]

Though of lesser significance in arriving at a guideline calculation, the Government does not dispute that the defendant has displayed an extraordinary degree of acceptance of responsibility, has serious health concerns and has paid a significant cash penalty.

The cumulation of these factors lead the Government to conclude that a downward departure from the guideline range assigned by the Pre-Sentence Report is appropriate. Arriving at a logical formula for the extent of such a departure is problematic. The Government suggests the following analysis: it would seem that the combination of a reduction of the base offense level and the extraordinary level of acceptance of responsibility should result in a reduction of approximately 4 levels. The acceptance of responsibility evidenced here is arguably akin to an effort at substantial assistance which yields no concrete benefit to the Government other than adding to the general criminal knowledge base. Where a defendant has offered a truthful and honest effort which has added to the Government's general criminal knowledge this

---

[2] It has been suggested that cigarette smuggling in violation of 18 USC § 2344 might be analogous. This is controlled by USSG § 2E4.1 which assigns a base offense level of 9. For reasons similar to those advance in light of section 2M5.2, this provision seems to understate the seriousness of the defendant's conduct.

Case 5:05-cr-00257-FL    Document 13    Filed 03/21/06    Page 4 of 6

office often recommends a reduction of not more than 25 - 30 percent. The cumulation of other factors in this case arguably supports a reduction of one additional level bringing the final offense level to 10 and the reduced guideline range to 6 - 12 months.

CONCLUSION

As such, the Government would recommend to the Court that it grant the defendant's motion for a downward departure for the reasons outlined above. However, the Government would further request that the Court sentence the defendant to a term of incarceration within the range of 6 to 12 months, again for the reasons outlined above.

Respectfully submitted this 21st  of March, 2006.

FRANK D. WHITNEY
United States Attorney


By: ___/ss/_____
    JAMES A. CANDELMO
    JOHN S. BOWLER
Assistant United States Attorneys
Criminal Division

CERTIFICATE OF SERVICE

This certifies that the foregoing Government's Sentencing

Memorandum has, this 21st day of March, 2006, been served on

the defendant by facsimilie transmission, addressed as follows:

                    Wade M. Smith
                    Fax # (919)829-1583


                    _____/ss/_____
                         JAMES A. CANDELMO
                         JOHN S. BOWLER
                    Assistant United States Attorneys
                    Criminal Division